UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

The Antioch Co.,

Plaintiff,

vs. MINUTE ORDER

Scrapbook Borders, Inc., Lisa DeBonoPaula a/k/a Lisa dePaula, and Luis DeBonoPaula d/b/a Solrac Enterprises,

Defendants. Civ. No. 02-100 (MJD/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 5th day of November, 2002.

## I. Introduction

On October 31, 2002, the Court heard argument on the Plaintiff's Motion for Entry of a Protective Order Governing the Disclosure of Trade Secrets. At the time of the Hearing, the Plaintiff, The Antioch Co. ("Antioch"), appeared by Gina M. Tiefenthaler, Esq., and the Defendants Lisa DeBonoPaula ("Lisa"), Luis DeBonoPaula ("Luis"), and Scrapbook Borders, Inc. ("Scrapbook"), appeared by Christopher K. Sandberg, Esq. For reasons expressed during the course of the Hearing, and briefly reiterated below, we grant, in part, the Plaintiff's Motion, and instead instruct the

NOV 05 2002

JH

parties to craft a Protective Order that complies with the directives of this Order, for our approval.

## II. Discussion

The parties' dispute does not concern whether a Protective Order should issue, as both parties accept the need for such an Order, but whether such an Order should include a second tier of protection, which would limit disclosure of certain documents for "Attorneys'-Eyes Only." Such a designation would preclude Luis and Lisa from seeing materials designated as such, and would prevent their attorney from discussing any such materials with them. The Plaintiff argues that such a level of protection is warranted because it needs to protect its sensitive, proprietary, financial, sales, and customer information, from the Defendants, who are now in direct competition with the Plaintiff, from publication, as Lisa is asserted to have previously posted messages on the Internet critical of the Plaintiff, and of this litigation.

The Defendants argue, however, that Lisa has never posted any trade secret, or other confidential material on the Internet, and defense counsel represents that he has advised Lisa that she cannot publish materials designated as confidential, under a Protective Order, in any forum.[1] The Defendants complain that an Attorneys'-

[1]The Plaintiffs contend that Lisa did publish confidential information, when she posted the confidential terms of a proposed

Eyes Only tier of protection, which would preclude them from any knowledge of the categories of documents so designated by the Plaintiff, would effectively prevent them from being able to defend the claims against them. In particular, the Defendants relate that the Plaintiff seeks damages for lost profits, and they argue that, absent access to the Plaintiff's financial records, which the Plaintiff has identified as requiring a higher degree of protection, they will be unable to rebut those damages claims. The Defendants also claim that any second level of protection would severely disadvantage them, because, in distinction to the Plaintiff, they do not have the benefit of in-house counsel, or outside experts, who might assist their counsel's interpretation of any documents precluded from their inspection.

As we related at the time of the Hearing, we have, in the past, entered Protective Orders including an "Attorneys'-Eyes Only" level of protection, but we have done so only when there is presented a compelling demonstration that, absent such stringent protection, a disclosing party could lose the benefit of a trade or proprietary secret. While, here, the parties are direct competitors, the categories of materials that the Plaintiff wishes to

---

settlement agreement in an Internet chat room. Lisa counters, however, by attesting that she had no knowledge that those materials were supposed to be kept confidential.

designate for "Attorneys'- Eyes Only" protection have not been particularized with any specificity and, upon inquiry, we were not informed of any specific category of documents which were sufficiently sensitive to require the constraints of disclosure they propose. Further, Antioch's financial materials, sales information, and customer lists,[2] appear to be highly relevant to the Defendants' defense. Consequently, we decline to anticipatorily impose a second level of protection on the categories of documents suggested by the Plaintiff.

Accordingly, we direct the parties to "meet and confer," in order to draft a Protective Order which will provide a single tier of protection for the parties' sensitive documents and materials. The Order should, however, make provision for the opportunity of a party to seek a higher degree of protection upon a sufficient showing of need for the same. The provision should include a proviso that, prior to approaching the Court for such relief, counsel are to responsibly meet and confer to resolve any differences amicably. Failing an accord, the party seeking a more

[2]We do not ignore the potential legitimacy of a concern were there a cogent showing that the Defendants were raiding the Plaintiff's customer list, were shadowing the Plaintiff's entry into hitherto unexplored markets for a common product, or was otherwise attempting to commandeer the Plaintiff's financial information to the Plaintiff's competitive disadvantage. Such concerns have not been corroborated to date.

restrictive degree of protection bears the burden of demonstrating its need. Further, to quell the Plaintiff's fears concerning publication, the Protective Order should include a provision which restricts the means of publication to the purposes of this litigation, absent a further Court Order.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion for a Protective Order [Docket No. 41] is GRANTED, in part, and the parties are directed to provide this Court with a stipulated Protective Order, reflecting our directives, as soon as practicable, for this Court's review.

2. That, absent such a Stipulation, the parties are directed to submit their respective versions of the Order for the Court's review, and the Court will issue a Protective Order of its own devise.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE