**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

- - - - - - - - - - - - - - - - - - - - - - - - - -

The Antioch Company,

Plaintiff,

v.

Scrapbook Borders, Inc.
Lisa DeBonoPaula a/k/a Lisa dePaula, and Luis DeBonoPaula d/b/a Solrac Enterprises,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - -

Civil File No. 02-CV-100 (MJD/RLE)

**STIPULATION & PROTECTIVE ORDER**

**WHEREAS**, this matter comes before the Court upon the request of all parties for a protective order pursuant to Fed. R. Civ. P. 26 (c) incorporating the terms of the following stipulation concerning trade secrets; and

**WHEREAS**, Plaintiff and Defendants agree that this action may require the disclosure of trade secrets, so regarded by the producing party;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties through their undersigned counsel, and subject to approval of the Court, as follows:

1. This Protective Order shall govern the disclosure and use of all documents, deposition testimony, interrogatory answers, and all other information, in any form, disclosed in this action (hereinafter "Disclosure" or "Disclosures").

2. Disclosures produced or provided by any party as part of discovery or filed with the Court in this action may be designated by the disclosing party as "Confidential" if the disclosing party in good faith believes that the Disclosures contain trade secrets of the disclosing

FILED NOV 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

party. The definition of "trade secret" contained in Minn. Stat. §325C.01, subd. 5 shall be used for purposes of this Order.

3. Disclosures designated "Confidential" pursuant to this Order, copies or extracts therefrom, compilations and summaries thereof, and the information therein, shall be used solely for the purpose of prosecuting or defending this action and shall not be disclosed to the public via the Internet or in any other manner that puts the Disclosures into the public domain. Disclosures designated "Confidential" may only be made available or communicated to the following authorized persons:

(a) Attorneys of record (including attorneys designated in pleadings as "of counsel") for a party in this lawsuit and employees or independent contractors (such as document copying services) of such attorneys to whom it is necessary that the Disclosures be shown for purposes of this action;

(b) In-house attorneys for any party and employees or independent contractors (such as document copying services) of such in-house attorneys;

(c) Plaintiff's employees, officers, directors, and authorized representatives, provided that they execute the acknowledgment attached to this Order;

(d) The individual Defendants and controlling shareholders of the corporate Defendant, provided that they execute the acknowledgment attached to this Order;

(e) Persons retained by a party or its attorney of record to assist in this action (such as independent technical experts, economists, accountants, expert witnesses and other consultants, and the employees or independent contractors of such persons), provided that the attorney of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this action and further provided that each such retained person executes the acknowledgment attached to this Order;

(f) Trial witnesses and their counsel with whom counsel of record in good faith believes it is necessary to share the Disclosures for purposes of this action, provided such persons execute the acknowledgment attached to this Order;

(g) This Court and its employees; and

(h) Court reporters transcribing testimony taken in this action and notarizing officers, provided such persons execute the acknowledgment attached to this Order.

4. Notwithstanding the foregoing, the restrictions on disclosure set forth in this Order shall not:

(a) apply to information that was or becomes public knowledge not in violation of this Order;

(b) apply to information acquired by the non-designating party from a third party having the right to disclose such information or material;

(c) restrict a party from using its own documents in any way;

(d) prevent disclosure of any document to its author; or

(e) prevent modification of any designation as "Confidential" on written consent of the producing party without further decision of the Court.

5. No designation of information as "Confidential" shall be effective unless the Disclosure containing such information is labeled "CONFIDENTIAL." Any "Confidential" designation that is inadvertently omitted may be corrected by written notice to opposing counsel.

6. Each page, or each component, if not in page form, of all Disclosures designated as "Confidential" shall be marked prominently "CONFIDENTIAL." The markings shall apply to the so-designated Disclosures and to all other items that reproduce or paraphrase, summarize, or otherwise contain material that has been designated as "Confidential."

7. All Disclosures designated as "Confidential" shall be kept in secure facilities and access to those facilities shall be permitted only to those persons set forth in paragraph 3 of this Order.

8. The attorney of record for a party or counsel for a witness may orally on the record designate deposition testimony or exhibits as "Confidential" during the course of a deposition. Moreover, all depositions shall be treated in their entirety as "Confidential" for a period of 21 days after receipt of the transcript by the attorney of record. During that 21-day period, the attorney of record for any party may designate portions of the transcript as "Confidential" by written notification to all other attorneys of record, of the page(s) and line(s) of those portions so designated. Any portion of the transcript so designated shall not be filed with the Court except in accordance with paragraph 10 of this Order. Any portion of the transcript not designated as "Confidential" during the 21-day period shall be considered not confidential.

9. If any Disclosure designated as "Confidential" pursuant to this Order is used during the course of a deposition, the portion of the deposition transcript reflecting such information shall be sealed and stamped "Confidential" and access thereto shall be limited pursuant to the terms of this Order.

10. Any items in this action that attach, paraphrase, or contain any material designated as "Confidential" by a party shall, if filed with the Court, be filed under seal in a sealed envelope labeled with the caption of this action, a description of the contents of the envelope, and the following (or an equivalent) statement:

**CONFIDENTIAL. THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO A PROTECTIVE ORDER DATED ____________, 2002, AND SHALL NOT BE DISCLOSED EXCEPT IN ACCORDANCE WITH THE TERMS OF SUCH STIPULATION & PROTECTIVE ORDER OR BY COURT ORDER.**

11. Before disclosing material subject to this Order to any authorized person identified in Paragraph 3 (c), (d), (e), (f) or (h), the attorney of record for the disclosing party

shall provide each such authorized person with a copy of this Order and shall advise each such authorized person that such Disclosure shall not be disclosed to any other person. Each such authorized person shall agree in writing to comply with the terms of this Order by executing the acknowledgment attached to this Order. The original acknowledgments shall be maintained by the attorney for the party who designated such authorized person.

12. Any party may challenge at any time the propriety of the designation of a Disclosure as "Confidential." Before seeking relief from the Court on such a challenge, the parties shall attempt to resolve the dispute in good faith on an informal basis. The "Confidential" designation shall continue to control pending the resolution of the challenge. A party's agreement to abide by the terms of this Order, and receive Disclosures designated as "Confidential" pursuant to this Order, shall not be deemed an admission by the receiving party that any Disclosure is correctly so designated.

13. In the event a party receiving Disclosures designated "Confidential" is subpoenaed to testify or produce such Disclosures, the subpoenaed party shall immediately notify the disclosing party that designated such Disclosures as "Confidential."

14. If the disclosing party believes, in the utmost good faith, that a Disclosure contains extremely sensitive, proprietary trade secrets (for example, future pricing information) for which there is a compelling business reason of a competitive nature to restrict the receiving party's access to that Disclosure, the disclosing party may seek a higher degree of protection designated as "Confidential – Attorneys' Eyes Only." Such designation would restrict access to the Disclosure to counsel for the receiving party only and disallow access to the receiving party itself. Before seeking relief from the Court in designating a Disclosure "Confidential – Attorneys' Eyes Only," counsel for the party seeking such designation must meet and confer with counsel for the receiving party in an effort to agree to a designation of "Confidential – Attorneys' Eyes Only." If counsel are unable to reach such agreement, the disclosing party bears the burden of demonstrating to the Court the need to designate the Disclosure as "Confidential –

Attorneys' Eyes Only." The designation of the Disclosure as "Confidential – Attorneys' Eyes Only" shall control until such time as the Court resolves the disclosing party's request.

15. Upon the final determination of this action, including all appeals, all Disclosures designated as "Confidential" or "Confidential – Attorneys' Eyes Only" (including copies) shall, if requested by the producing party, be returned to the attorney of record for the producing party or shall be destroyed, in which case the attorney of record for the receiving party shall certify by affidavit or affirmation to the producing party that all such Disclosures have been destroyed. The provisions of this Order restricting the disclosure or use of confidential material shall continue to be binding after final determination of this action including all appeals.

Dated: 11/15/2002

GRAY, PLANT, MOOTY, MOOTY
& BENNETT, P.A.

By [signature]
Julie L. Boehmke (#317330)
3400 City Center
33 South Sixth Street
Minneapolis, MN 55402
(612) 343-2800

Attorneys for The Antioch Company

Dated: 15 NOV 02

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By [signature]
Christopher K. Sandberg (#95485)
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
(612) 339-0981

Attorneys for Scrapbook Borders, Inc.,
Lisa DeBonoPaula a/k/a Lisa dePaula,
and Luis DeBonoPaula d/b/a Solrac Enterprises,

**SO ORDERED** THIS 19th DAY OF November, 2002.

BY THE COURT:
[signature]
The Honorable Raymond L. Erickson
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

- - - - - - - - - - - - - - - - - - - - - - - - - -

The Antioch Company,

Plaintiff,

v.

Scrapbook Borders, Inc.
Lisa DeBonoPaula a/k/a Lisa
dePaula, and Luis DeBonoPaula
d/b/a Solrac Enterprises,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - -

Civil File No. 02-CV-100 (MJD/RLE)

**ACKNOWLEDGMENT CONCERNING CONFIDENTIAL INFORMATION**

The undersigned, whose assistance is required in the prosecution or defense of the above-captioned action, acknowledges:

1. I have read the foregoing Protective Order;

2. I understand and agree to the terms of the Protective Order, and I specifically agree to make no disclosure or improper use of any item designated "Confidential."

Dated: ______________________

______________________
Signature

______________________
Printed Name

______________________
City and Street Address

GP:935372 v2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.