UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

The Antioch Company,

Plaintiff,

vs. ORDER

Scrapbook Borders, Inc.,
Lisa DeBonoPaula, a/k/a
Lisa dePaula, and Luis
DeBonoPaula, d/b/a
Solrac Enterprises

Defendants. Civ. No. 02-100 (RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 9th day of April, 2003.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Plaintiff Antioch Company ("Antioch") to Compel, and for Leave to Amend its Complaint. Antioch has appeared by Gina M. Tiefenthaler, Esq., and the Defendants have appeared by Christopher K. Sandberg, Esq.

For reasons which follow, we grant, in part, Antioch's Motion to Compel, and we grant its Motion to Amend the Complaint.

64

FILED APR - 9 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. Factual and Procedural History

Antioch has sued the Defendants for copyright infringement, unfair competition, and deceptive trade practices, and has also asserted claims for business disparagement. Antioch alleges that certain "idea books," and CD-ROM products, which were published and sold by the Defendants, contained copyrighted material owned by Antioch, and that the Defendants' use of said materials was unauthorized. Antioch also asserts that the Defendant Lisa DeBono-Paula (DeBonoPaula") posted, on the website of the Defendant Scrapbook Borders, Inc. ("Scrapbook"), false and misleading representations of fact concerning Antioch. The Defendants deny any wrongdoing, and have asserted counterclaims for abuse of copyright, a violation of the Minnesota antitrust laws, consumer fraud, and for a violation of labor laws.

Specifically, in its First Amended Complaint, Antioch asserted five Counts: Count 1, copyright infringement; Count 2, unfair competition under the Lanham Act; Count 3, unfair competition at common law; Count 4, deceptive trade practices, in violation of the Uniform Deceptive Trade Practices Act ("DTPA"), Minnesota Statutes Section 325D.43; and Count 5, business disparagement, in violation of the DTPA.

Now, Antioch seeks leave to amend its First Amended Complaint; and an Order to compel answers and documents; leave to

amend to depose, and to command appearance; to extend the discovery deadline; as well as an award of costs and fees.

## III. Discussion

### A. The Motion to Compel.

Antioch seeks to compel the production of documents and Answers to Interrogatories, and to compel the reappearance of DeBonoPaula, and her husband -- who is another Defendant -- for resumed depositions. The Plaintiff also seeks to extend the discovery deadline in order to accommodate those resumed depositions, and an award of costs and fees, that it incurred, in bringing this Motion. We discuss the elements of the Plaintiff's Motion to Compel in turn, commencing with the Motion to Compel the production of documents.

1. The Motion to Compel Document Production. At the time that Antioch filed its Motion to Compel, the Defendants had not responded to the Antioch's Interrogatories, or document requests, despite Antioch's averment, that informal attempts to garner production of the Defendants' responses, as evidenced by Antioch's Local Rule 37.1 Certification, were made. At the time of the Hearing, however, the Defendants had produced to Antioch somewhere between one hundred, and one hundred-twenty, responsive documents, according to Antioch. Antioch asserts that the Defendants still have not provided all of the requested documents, while the Defen-

dants submit that they have diligently searched for the requested documents, and have provided all of the documents that are responsive to Antioch's document requests. As we have stated:

> [W]e have no means to test the veracity of such avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations. In our view, the failure to produce evidence, without just cause, which is relevant within the context of Rule 26, Federal Rules of Civil Procedure, bears a close relationship to the "spoliation of evidence," and should be sanctioned accordingly. See, Sylla-Sawdon v. Uniroyal Goodrich Tire Company, 47 F.3d 277, 280 (8th Cir. 1995), cert. denied, 516 U.S. 822, 116 S.Ct. 84, 133 L.Ed.2d 42 (1995); Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263, 267 (8th Cir. 1993); SDI Operating Partnership, L.P. v. Neuwirth, 973 F.2d 652, 655 (8th Cir. 1992); Scout v. City of Gordon, 849 F. Supp. 687, 690-91 (D. Neb. 1994); Capellupo v. FMC Corp., 126 F.R.D. 545, 551 (D. Minn. 1989); cf., Baker v. General Motors Corp., 86 F.3d 811, 817 (8th Cir. 1996). In the language of Cervantes, "a word to the wise is enough." Don Quixote, Part II, Book IV, Chapter 37, at page 692.6.

Lumber v. PPG Industries, Inc., 168 F.R.D. 641, 643 n.1 (D. Minn. 1996).

Thus, we deny Antioch's Motion to Compel insofar as Antioch seeks to compel the production of documents, as the Defendants contend that all responsive documents have been produced.

2. The Motion to Compel Interrogatory Answers. At the time of the Hearing, the Defendants responded to some of Antioch's Interrogatories, but refused to respond to others, arguing that the

Plaintiff's Interrogatories exceed twenty-five, including subparts, which is the maximum number allowed by Rule 33, Federal Rules of Civil Procedure. See Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999) (Rule "33(a), Federal Rules of Civil Procedure, presumptively limit the number of depositions that each side may take to ten, and the number of interrogatories, including discrete subparts, that a party may serve to 25"). Antioch argues that, assuming its Interrogatories exceed the limitations provided in Rule 33, the Defendants waived that objection by not timely responding to any of the Interrogatories. We agree.

"Rule 33(b)(4)[1] states that any ground not stated in a timely objection is waived (unless the failure to object is excused by the court for good cause shown)." Joseph v. General Engineering Co., 2002 WL 31618810, at *1 (D.V.I April 15, 2002). "The law is well settled that a party's failure to object to interrogatories within thirty (30) days of service thereof is considered a waiver of any objections they might have had." Id., citing Coregis Insurance Co.

---

[1]Rule 33(b)(4) reads as follows:

> All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

v. Baratta and Fenerty, Ltd. et al., 187 F.R.D. 528, 529 (E.D.Pa. 1999); Jayne H. Lee, Inc. v. Flagstaff Industries Corp., 173 F.R.D. 651, 657 (D.Md. 1997); Fretz v. Keltner, 109 F.R.D. 303, 309 (D. Kan. 1985). Moreover, "[t]he stricture of Rule 33(b)(4) has been applied to objections to interrogatories in excess of Rule 33(a)'s limitation." Id. at *2, citing Naegle v. Electronic Data Systems Corp., et al., 193 F.R.D. 94, 97 (W.D.N.Y. 2000).[2]

Counsel for the Defendants, while conceding that the Defendants' objections were untimely, argues that good cause exists to excuse the untimeliness of their objection, because Antioch gave the Defendants an extension in time in which to respond. Counsel for Antioch denies that any such extension was discussed, or that it agreed to grant the Defendants an extension. No agreement, or stipulation, however, was reduced to writing, as Rule 33(b)(3) contemplates, for an extension of time in which to respond to Interrogatories. See, Rule 33(b)(3), Federal Rules of Civil Procedure.[3]

---

[2]The Defendants' reliance on the Court's holding, in Nyfield v. Virgin Islands Telephone Corp., 200 F.R.D. 246 (D.V.I. 2001), is misplaced, as there, the Defendant timely responded to the Plaintiff's discovery request.

[3]Rule 33(b)(3) provides as follows:

> The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter

(continued...)

Moreover, to the extent the Defendants' position -- that the Interrogatories exceed twenty-five in number -- is as obvious as they now suggest, then within thirty days after those Interrogatories were served, the Defendants should have properly noted their objection on numerosity grounds. They did not and, therefore, we find no good cause exists to excuse the untimeliness of the Defendants' objection, and we grant Antioch's Motion in this respect.

3. The Motion to Redepose. Antioch argues that DeBonoPaula, and her husband, should be made to reappear for resumed depositions for, in Antioch's view, their prior testimony was conflicting. Antioch has failed, however, to provide any authority for that novel proposition, nor is it supported by common sense. If the deposing party can resume a deposition any time that party suspects a conflicting, or erroneous answer, the depositional process would be interminable, and it is not. A resumed deposition would not, necessarily, remedy the deponents' respective view that each had little involvement in the operation of the Defendant corporation. If either deponent elects to modify his or her testimony at Trial, then Antioch will not be without a remedy. As a result, Antioch's Motion to compel the resumed depositions of the DeBonoPaulas is

---

[3](...continued)

> or longer time may be directed by the court or, in the absence of such an order, agreed to **in writing** by the parties subject to Rule 29.

denied and, resultantly, we also deny Antioch's Motion to extend the discovery deadline.

4. The Motion for Costs and Fees. Antioch seeks an award of fees and costs in bringing this Motion, pursuant to Rule 37(a)(4)(A), Federal Rules of Civil Procedure, which provides as follows:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion of the party or attorney advising such conduct or both to pay to the moving party the reasonable expenses incurring in making the motion * * * unless the court finds * * * that other circumstances make an award of expenses unjust.

Antioch has filed the proper Rule 37.1 certification, in which it attests that attempts were made to obtain the disputed discovery without Court intervention, prior to the filing of any Motion to Compel. Further, the Defendants concede that discovery was not provided until after the filing of this Motion, but we find that an award of fees would be inappropriate. Antioch's Motion to Compel has been granted in only one respect, with the bulk of the Motion being denied. While we encourage adherence to the applicable Rules, an award of fees should be reserved to those notable Rule violations which need curative action. Here, we find no such

violations. Accordingly, we deny the Plaintiff's Motion for costs and fees.

B. The Motion to Amend the First Amended Complaint.

In the Proposed Second Amended Complaint, Antioch seeks to: (1) add a claim for common law business disparagement against DeBonoPaula, and Scrapbook; (2) add a claim for punitive damages under that new common law claim; (3) withdraw its unfair competition claim, which was brought under the Lanham Act; (4) withdraw its common law unfair competition claim; (5) withdraw its deceptive trade practices claim, brought under the DTPA, in Count 4; (6) elect statutory damages in connection with its copyright infringement claim; and (7) supplement the factual assertions made in the Complaint. Thus, the Proposed Second Amended Complaint would contain three Counts: (1) copyright infringement; (2) business disparagement, in violation of the DTPA; and (3) common law business disparagement.

1. Standard of Review. Antioch argues that the amendment of its Complaint should be allowed under Rule 15(a), Federal Rules of Civil Procedure, which provides, in pertinent part, as follows:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires.

In construing this Rule, the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reasons -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

Thus, while leave should be freely given, leave should not be given where the proposed amendments are futile. See DeRoche v. All American Bottling Corp., 38 F. Supp.2d 1102, 1005 (D. Minn. 1998)("Although we begin with a presumption of liberality, an amendment to a pleading can be successfully challenged on grounds of futility if the claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted"), citing Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993); Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989); Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983); Norbeck v. Davenport Community Sch. Dist., 545 F.2d 63 (8th Cir. 1976), cert. denied, 431 U.S. 917, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977); see also United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 935 (8th Cir. 2001), cert. denied, 122 S.Ct. 2593 (2002)("The denial of leave to amend based

on futility means that the court found that the amended complaint failed to state a claim").

2. Legal Analysis. The Defendants do not object to Antioch's proposed amendments and, therefore, our review is limited to those issues which the Motion papers have drawn to our attention.[4]

[4]We are hesitant to approach issues which have not been raised by parties -- here the Defendants -- who might have reason to draw the issues to our attention. We do so here, in our capacity as both a gatekeeper, and case administrator. This action was commenced on January 11, 2002, and it has been vigorously litigated by both sets of parties. The Motion to Amend the pleadings deadline expired on August 14, 2002. See Docket No. 33. While the parties stipulated, and the Court accepted, by Order dated January 2, 2003, that the pretrial deadlines, as contained in the Court's Pretrial Schedule of June 4, 2002, could be extended by "two calendar weeks," the Plaintiff's Motion to Amend was not filed until February 27, 2003. See, Docket Nos. 52 and 57. Being untimely, we deny the portions of the Plaintiff's Motion, which seek to add new claims, on that ground alone. See, Fabio v. Credit Bureau of Hutchinson, Inc., 210 F.R.D. 688, 691 (D. Minn. 2002)("The 'good cause' standard [of Rule 16(b), Federal Rules of Civil Procedure] is an exacting one, for it demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'"), quoting Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000), quoting in turn, Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581-82 (D. Minn. 1999). Here, the Plaintiff has failed to demonstrate "good cause" for its untimely Motion to Amend. Quite obviously, the aspect of the Motion, which seeks to effectively dismiss claims currently pled, is unaffected by the "good cause" standard, as such a dismissal would not entail any additional discovery, nor the expenditure of additional time at Trial.

Moreover, we have a core responsibility to assure the futile claims are not litigated, at least when they are pled in such a way as to be incapable of withstanding a Rule 12(b)(6) Motion. Similarly, under Minnesota law, we are not to abdicate our judicial role, by "rubber stamping" punitive damage claims that have been (continued...)

Further, without objection, we grant Antioch's Motion to withdraw its claims for unfair competition claim, brought under the Lanham Act, common law unfair competition, and deceptive trade practices, brought under the DTPA, and we turn to the remainder of Antioch's Motion.

a. The Motion to Add a Claim for Common Law Business Disparagement.

Antioch argues that its First Amended Complaint already contained a statutory disparagement claim which, it urges, has elements that are identical to those of a common law business disparagement claim. Therefore, Antioch maintains that the Defendants would not be prejudiced by the addition of that new claim, as no additional discovery would be required. See, Imperial Developers, Inc. v. L & D Trucking, 518 N.W.2d 623, 628 (Minn.App. 1994) ("Absent specific legislative language to the contrary, we find no reason to treat business disparagement differently under the statute than it is treated under common law.").

"Business disparagement occurs when a party makes a false or misleading statement regarding the business or service of another; to put it in another way, it occurs when a party makes a defamatory

[4](...continued) insufficiently pled. Employing these core obligations of the Court, we proceed to address the merits of the Plaintiff's Motion to Amend.

statement about a person's business, rather than a personal matter." Redwood County Telephone Co. v. Luttman, 1998 WL 901752, at *2 (Minn.App. 1998), citing Minnesota Statutes Section 325D.44, Subdivision 1(8)("A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person: * * * disparages the goods, services, or business of another by false or misleading representation of fact"). Thus, the torts of business disparagement and defamation are nearly identical. See Redwood County Telephone Co. v. Luttman, supra at *2 ("We are not persuaded that the difference between defamation and business disparagement is so significant that absolute privilege is extended in the former and not the latter cause of action.")

"Federal courts favor specific pleading of defamation claims because 'knowledge of the exact language used is necessary to form responsive pleadings.'" Glenn v. Daddy Rocks, Inc., 171 F. Supp.2d 943, 947 (D. Minn. 2001), quoting Asay v. Hallmark Cards, Inc., 594 F.2d 692, 699 (8th Cir. 1979). "Similarly, Minnesota law has generally required that in defamation suits, the defamatory matter be set out verbatim." Id., citing Moreno v. Crookston Times Printing Co., 610 N.W.2d 321, 326 (Minn. 2000). Because the elements of business disparagement are the same as those for defamation, claims for common law business disparagement should also be pled with the

degree of specificity required by Federal Courts for defamation claims.

Here, Antioch's Proposed Second Amended Complaint is devoid of any allegedly defamatory statements and, therefore, we deny that aspect of its Motion, for failure to plead the alleged defamatory statements, with such particularity, as to avoid a Rule 12(b)(6) dismissal.

b. The Motion to Add a Claim for Punitive Damages to the Common Law Business Disparagement Claim.

"'In the Federal Courts of this District, the pleading of punitive damages claims, under causes of actions premised upon the Law of the State of Minnesota, must generally conform to the requirements of Minnesota Statutes Sections 549.191 and 549.20.'" Olson v. Snap Products, Inc., 29 F. Supp.2d 1027, 1034 (D. Minn. 1998), quoting Ulrich v. City of Crosby, 848 F. Supp. 861, 866 (D. Minn. 1994); see also, Bunker v. Meshbesher, 147 F.3d 691, 696 (8th Cir. 1998). Under Section 549.191, a plaintiff who seeks to assert a punitive damage claim must first obtain leave of the Court to do so, based upon a prima facie showing of entitlement. See, Ulrich v. City of Crosby, supra at 867. A plaintiff need not demonstrate an entitlement to punitive damages per se, but

only an entitlement to allege such damages.[5] See, Olson v. Snap Products, Inc., supra at 1034. As the Statute provides, a Court "shall grant a Motion to amend to allege punitive damages if it finds prima facie evidence in support of the motion." Bunker v. Meshbesher, supra at 696 [quotations omitted].

In order to establish a claim for punitive damages, a party must show, by clear and convincing evidence, that the Defendant acted with a "deliberate disregard for the rights or safety of others." Minnesota Statutes Section 549.20, Subdivision 1(a). The pivotal term "deliberate disregard" has been statutorily defined as follows:

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the Defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
>
> > (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or

[5]Under the strictures of Section 549.191, "the Court reviews the evidence in support of a Motion to Amend as the Court would review a Motion for a Directed Verdict * * *." Ulrich v. City of Crosby, supra at 867; see also, Swanlund v. Shimano Indus., Corp., Ltd., 459 N.W.2d 151, 154 (Minn.App. 1990). Thus, as we have observed in prior cases, in reaching such a determination, the Court makes no credibility rulings, and does not consider any challenge, by cross-examination or otherwise, to the plaintiff's proof. Id.

> (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minnesota Statutes Section 549.20, Subdivision 1(b).

In substance, "[a] defendant operates with 'deliberate disregard' by acting with intent or indifference to threaten the rights or safety of others." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1256 (8th Cir. 1994). As such, "[a] mere showing of negligence is not sufficient" to sustain a claim of punitive damages. Admiral Merchants Motor Freight, Inc. v. O'Connor & Hannan, 494 N.W.2d 261, 268 (Minn. 1992).

In addition, under the Section 549.20 standard, the Court "is required to search for evidence which is 'clear and convincing.'" Olson v. Snap Products, Inc., supra at 1036. "To be 'clear and convincing,' there must be 'more than a preponderance of the evidence but less than proof beyond a reasonable doubt.'" Ulrich v. City of Crosby, supra at 868, quoting Weber v. Anderson, 269 N.W.2d 892, 895 (Minn. 1978). Ultimately, the Court's independent search for clear and convincing, prima facie evidence, that the Defendant acted with a deliberate disregard for the rights or safety of others, requires the Court to do more than "rubber stamp" the allegations in the Motion papers. Id.; Swanlund v. Shimano Indus. Corp., Ltd., 459 N.W.2d 151, 154 (Minn.App. 1990).

In a defamation action, the right affected is the right not to be defamed, see Wirig v. Kinney Shoe Corp., 461 N.W.2d 374, 381 (Minn. 1990), which should have equal application to common law business disparagement claims. Here, as the Plaintiff has failed to set forth even a single statement, that was made by any Defendant, which the Plaintiff asserts is defamatory, the Plaintiff has not provided "evidence sufficient to permit the Jury to conclude that it is 'highly probable' that the defendant acted with deliberate disregard to the rights or safety of others * * *." Ulrich v. City of Crosby, supra at 868, quoting Becker v. Alloy Hardfacing & Engineering Co., 401 N.W.2d 655, 659 (Minn. 1987); see also, Bunker v. Meshbesher, 147 F.3d 691, 696 (8th Cir. 1998)("Under Minnesota law, a trial court 'may not allow an amendment [of the complaint to add a punitive damages claim] where the motion and supporting affidavits "do not reasonably allow a conclusion that clear and convincing evidence will establish [that] the defendant[s] acted with willful indifference"' to the rights or safety of others."), quoting Swanlund v. Shimano Indus. Corp., supra at 154. Accordingly, we deny the Plaintiff's Motion to Amend to Add a Claim for Punitive Damages.

c. Motion to Elect Statutory Damages under the Copyright Infringement Claim.

"[A] copyright plaintiff may elect statutory damages 'at any time before final judgment is rendered.'" Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 347 n.5 (1998), quoting Title 17 U.S.C. §504(c); see also, Cass County Music Co. v. C.H.L.R., Inc., 88 F.3d 635, 638 (8th Cir. 1996). Moreover, the Defendants do not object to this Motion. Therefore, we grant this aspect of the Plaintiff's Motion to Amend.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Compel [Docket No. 53] is GRANTED, in part.

2. That the Plaintiff's Motion to Amend the Complaint [Docket No. 57] is GRANTED, in part.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE